October and November Term, 1882, No. 69.     October 17, 1882.

## Oliver *v.* The Metropolitan National Bank of Pittsburgh *et al.*, Garnishees.

The Court below, in which there was a rule that all agreements of counsel touching the business of the Court should be in writing, struck off a judgment, entered against garnishees in an attachment execution for want of an answer, upon testimony of a verbal agreement by counsel for the plaintiff not to take judgment pending certain proceedings which had not terminated at the time of judgment and until after notice: *Held*, by a divided Court, that it was not error.

Before Sharswood, C. J.; Mercur, Gordon, Trunkey, Sterrett, and Green, JJ.

Error to the Court of Common Pleas No. 2 for *Allegheny County*.

Attachment execution by D. B. Oliver, president of the School-District of Allegheny City, suing for the use of the said school-district and the school-district of the Sixth ward, Allegheny, against S. J. Crist, defendant, and William Blakely, and the Metropolitan National Bank of Pittsburgh, Garnishees.

The sheriff returned service of the writ upon the garnishees.

December 23, 1881, interrogatories were filed and a rule to answer was taken, the service of which was accepted by William Blakely for himself and as attorney for the bank.

On February 16, 1882, the Court entered judgment

[Oliver v. The Met. Nat. Bank of Pittsburgh et al., Garnishees.]

against the garnishees in default of answer for $2,621 80 and costs. A rule was subsequently granted on the plaintiffs to show cause why this judgment should not be stricken off. The affidavit of *William Blakeley* in support of the rule set forth "that he is one of the garnishees mentioned in above-stated case; that he is also attorney for The Metropolitan National Bank, the other garnishee mentioned; that a day or two prior to the return day in said rule, Joel L. Bigham, Esq., attorney for the plaintiff, came to the office of the affiant, and affiant explained to him that he had, prior to said attachment, entered into a written contract with said Crist, by which the affiant and said Crist were to submit to arbitration the matters in dispute between them, and suggested to Mr. Bigham that the answer of affiant had better be delayed until this settlement was completed; the affiant also stated to Mr. Bigham that he, the affiant, knew that The Metropolitan Bank was not in anywise indebted to or liable to said Crist, and then and there agreed that no answer in either of the cases mentioned need be filed until the settlement between Crist and affiant was completed, or until further notice from said Bigham; that affiant and Crist have not as yet settled or agreed upon any amount, and the affiant never received any notice from said Bigham, and that said Bigham entered the judgment in violation of said agreement; that affiant and Mr. Bigham had, for several years, been associated as partners in business, and have always been on terms of intimacy, and affiant did not consider an agreement in writing necessary."

The affidavit of *C. E. Cornelius* set forth "that a day or two before the expiration of the ten days limited for the garnishees to make answers to the interrogatories which had been served upon them, deponent saw Mr. Bigham, the attorney for the plaintiff, in consultation with Mr. Blakeley, in the office of said Blakeley; that after Mr. Bigham had left the office deponent inquired of Mr. Blakeley what he should do in the said case, informing him that the ten days allowed for answering had about expired; that Mr. Blakeley informed deponent that Mr. Bigham had promised and agreed with him that he would not enter judgment against the garnishees in said case until such time as said Blakeley had effected a settlement with said S. J. Crist; at least, not without giving him (Blakeley) notice.

*W. F. Richardson*, chairman of the finance committee of the board of control of the city of Allegheny, made

[Oliver *v.* The Met. Nat. Bank of Pittsburgh *et al.*, Garnishees.]

an affidavit in answer to the rule, setting forth: "I am advised, and the plaintiff expects to prove, that the agreement alleged in said affidavits to have been made, in point of fact never was made, and that no agreement was made by Mr. Bigham, the counsel for plaintiff, which would prevent the entry of judgment."

Rule 38 of the Court provides that " the agreements of the attorneys of this Court touching the business of this Court shall be in writing, otherwise they will be considered of no validity."

April 17, 1882, the Court made the rule to strike off the judgment absolute ; upon which the defendant took this writ of error, assigning for error this action of the Court.

*J. L. Bigham* and *W. B. Rodgers* for plaintiff in error.

The question in this case is as to the power of the Court summarily to vacate a judgment regular on its face. We had a regular judgment against garnishees in default of answers. The garnishees then came in, and not questioning the regularity of the judgment, set-up an alleged verbal agreement between counsel to extend the time for filing answers. We denied such an agreement, and the Court made absolute a rule to " strike off " the judgment. Assuming, for the purpose of the argument, that there had been such an agreement of counsel as alleged, had the Court any right to " strike off " or vacate the judgment?

For irregularity or collusion in the rendition of a judgment it is overturned ; for pretermitted matter of defense it is opened. To open a judgment, however, is not to set it aside, and the opening of it deprives it of no quality but maturity for execution. Gallup *v.* Reynolds, 8 Watts, 424.

A judgment will not be set aside except for matter apparent on the face of the record. Devereux *v.* Roper, 1 T. & H. Pr., 662.

Even judgment by confession can be stricken off only for fraud or forgery, and then only after a trial of the facts. Humphreys *v.* Rawn, 8 Watts, 78.

And more, the agreement as alleged is an agreement not in writing, and which under our rules cannot be enforced. The most that the Court had any power to do was, if, upon testimony, it found such an agreement had been made, to open the judgment and let the garnishees into a defense.

*A. M. Brown* for defendants in error.

As to the power of the Court to set aside the judg-

[Oliver *v.* The Met. Nat. Bank of Pittsburgh *et al.*, Garnishees.]

ment, we think there cannot be a doubt, and upon the facts presented by the defendants, a denial of their application for relief would have been worse than inequitable.

Our courts possess the powers of a Court of Chancery, to relieve against inequitable judgments; and they may even open or set aside a judgment obtained on an award, under the compulsory arbitration law, (notwithstanding the statutory remedies,) and let the defendant into a defense on the merits, on the ground of fraud. A judgment may be opened or set aside, as between the parties, for formal irregularity in its entry, or because of some good defense, upon the merits, resident in the defendant, which, by his neglect or by reason of his ignorance of the existence of the suit against him, he has been deprived of the opportunity of setting up, and which, in justice, he ought to be allowed to establish. Indeed, in all cases of accident or mistake, the uniform practice is to open or set aside judgments to prevent injustice: 1 Troubat & Haly's Prac., 651. If any of the proceedings on the part of the plaintiff be irregular, and the irregularity be not waived by any act of the defendant, or if the judgment be signed when in fact the defendant has not been guilty of any default, the Court, upon motion, will set aside the judgment: 1 Troubat & Haly's Prac., 390 ; 2 Arch. Prac., 11 ; and the Court will, also, in some cases, on the defendant's application and affidavit of merits, set aside a regular judgment, if the plaintiffs have not lost a trial. This, however, is wholly discretionary in the Court: *Ibid,* 390–391 ; 2 Salk., 518 ; 4 Taunt., 885 ; Cowper, 729. The courts have power to strike off a decree improvidently entered: Newcomer's Appeal, 7 Wright, 43 ; and to strike off or open a judgment entered on a warrant of attorney, or to award an issue to ascertain the facts : Kellogg *v.* Krauser, 14 S. & R., 137.

Moreover, the judgment was illegal, both in form and substance, because it was a joint judgment against several garnishees not jointly liable. The proceedings in foreign attachment and attachment execution against garnishees are several against each, and in cases of controversy the issue between the plaintiff and each garnishee must necessarily be several : Ellmaker *v.* The Bank of the United States *et al.*, 6 Pa. Law Jour., 97, (3 Clark, 504.)

OCTOBER 25TH, 1882.—PER CURIAM : The Court being equally divided in opinion.

Judgment affirmed.